IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00099-WYD

FERNANDEZ M. WHITE,

    Applicant,

v.

J. C. ZUERCHER, Warden,

    Respondent.

---

ORDER DENYING 28 U.S.C. § 2241 APPLICATION

---

    Applicant Fernandez M. White is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Correctional Institution in Florence, Colorado. Mr. White has filed **pro se** an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In an order filed on February 8, 2007, I directed the respondent to show cause why the habeas corpus application should not be granted. On February 28, 2007, the respondent filed a response to the application.

    I must construe the application liberally because Mr. White is a **pro se** litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not act as a **pro se** litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action dismissed.

Mr. White is challenging the BOP's determination that he is not eligible to receive a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) provides that the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete a substance abuse treatment program. Respondent argues and Mr. White concedes that he has not exhausted the BOP's three-step, administrative-remedy procedure as to his claim. However, there is authority to waive the exhaustion requirement for his claim challenging an official BOP policy. *See, e.g., Williams v. Daniels*, No. 05-1346-HA, 2006 WL 2129789 (D. Ore. July 26, 2006). I need not resolve the exhaustion issue because, for reasons discussed below, I find that the claim lacks merit.

On April 16, 1993, Mr. White was convicted as an adult of aggravated assault and of criminal damage to property in the Circuit Court in St. Clair County, Illinois, Case Nos. 92-CM-8696 and 92-CM-8697 respectively. Mr. White later was convicted of one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, and on January 14, 1999, was sentenced in the United States District Court for the Southern District of Illinois to 132 months of imprisonment. He was committed to BOP custody on March 22, 1999, and has a projected release date of April 28, 2008, via good-conduct-time release.

Respondents contend and Mr. White does not dispute that on April 10, 2005, he was informed that although he could participate in a residential drug and alcohol abuse program (RDAP), he was ineligible for the sentence reduction based upon his 1993 aggravated assault conviction in the Circuit Court in St. Clair County, Illinois. Knowing

that he was ineligible for early release, Mr. White began participating in the RDAP on February 23, 2006, and completed the program in November 2006.  Applicant maintains that he has been advised that his state aggravated assault conviction precludes him from receiving an 18 U.S.C. § 3621(e) sentence reduction.  He argues that the BOP has falsely classified as violent the offense conduct underlying the aggravated assault conviction.

Title 18 U.S.C. § 3621(e)(2)(B) provides that the BOP *may* grant a sentence reduction to inmates who meet the statutory eligibility requirements that include conviction of a nonviolent offense and successful completion of a substance abuse treatment program.  The BOP has exercised its discretion by adopting a regulation and a program statement implementing § 3621(e)(2)(B).  *See* 28 C.F.R. § 550.58; BOP Program Statement 5162.04, Categorization of Offenses (Oct. 9, 1997).  Under the regulation and the program statement, the BOP director is afforded discretion to exclude certain categories of inmates from eligibility for a sentence reduction.  28 C.F.R. § 550.58(a)(1); BOP Program Statement 5162.04.

Among the excluded categories of inmates are inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses.  28 C.F.R. § 550.58(a)(1)(iv).  The plain language of § 550.58(a)(1)(iv) prohibits an inmate with a prior misdemeanor or felony conviction for aggravated assault from early release eligibility.  *See id.*  Pursuant to Ill. Comp. Stat. 38/12-2(b) (1992), aggravated assault is either a Class A misdemeanor or a Class 4

felony. Even if Mr. White's offense is not a crime of violence, he still is not eligible for a sentence reduction pursuant to the discretion of the director of the BOP as set forth in § 550.58 and Program Statement 5162.04. I find that this exercise of discretion is reasonable. *See Lopez v. Davis*, 531 U.S. 230, 238 (2001). Accordingly, it is

ORDERED that the habeas corpus application is **DENIED** and the action is **DISMISSED WITH PREJUDICE**. It is

FURTHER ORDERED that each party shall bear his own costs and attorney's fees.

Dated: March 12, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge